**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10077 |
| Plaintiff-Appellee, | D.C. No.<br>4:15-cr-01388-RCC-BPV-1 |
| v. | |
| BREANA LORRAINE VANDYCK, AKA<br>Breana L. VanDyck, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted May 14, 2018[**]
San Francisco, California

Before:  WALLACE and N.R. SMITH, Circuit Judges, and BATTS,[***] District Judge.

Breana VanDyck appeals her jury conviction for one count of mailing child

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Deborah A. Batts, United States District Judge for the Southern District of New York, sitting by designation.

pornography in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1), contending that the district court (1) erred in denying her motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, and (2) abused its discretion in denying her motion for a mistrial based on prosecutorial misconduct. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We begin with VanDyck's argument that the district erred in denying her Rule 29 motion for judgment of acquittal. Where, as here, the defendant preserves her claim of insufficient evidence by making a motion under Rule 29 at the close of evidence, "we review de novo the sufficiency of the evidence supporting the conviction." *United States v. Tucker*, 641 F.3d 1110, 1118 (9th Cir. 2011). We must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 1118–19 (quoting *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010)).

The district court did not err in denying VanDyck's motion for judgment of acquittal. To find VanDyck guilty of mailing child pornography in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1), the jury had to determine that the photographs at issue involved the use of a minor engaging in "sexual explicit conduct." 18 U.S.C. § 2252(a)(1). "Sexually explicit conduct," in turn, includes actual or simulated "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. §

2

2256(2)(A)(v). The photos named in the indictment were sufficient for the jury to make the required "lascivious exhibition" determination. They depicted a naked minor female. In one of the photos, the child's legs are posed in a way that exposes her genitalia; in the other, the child is lying on a bed and the photo depicts her body from the neckline to the pubic area. Viewed in the light most favorable to the prosecution, this evidence was sufficient for a rational juror to determine that the photos depicted "lascivious exhibition of the genitals or pubic area," 18 U.S.C. § 2256(2)(A)(v), and therefore that the prosecution established the "sexually explicit conduct" element of the charge beyond a reasonable doubt.

We turn now to VanDyck's argument that she is entitled to a new trial based on prosecutorial misconduct. VanDyck argues that the government's characterization of the child depicted in the photos as a "known victim" of child exploitation who had been "rescued," in combination with Agent Campbell's use of the organizational name "National Center for Missing and Exploited Children" despite a court ruling that he could only use the acronym, inflamed the jury and materially affected the verdict.

"When there are allegations of prosecutorial misconduct, we review for an abuse of discretion a trial court's denial of a motion for a mistrial and denial of a motion for a new trial." *United States v. Washington*, 462 F.3d 1124, 1135 (9th Cir. 2006). Where, as here, a defendant fails to object timely to prosecutorial

3

misconduct, plain error review applies. *United States v. Reyes*, 660 F.3d 454, 461 (9th Cir. 2011). "When reviewing for prosecutorial misconduct, we consider in the context of the entire trial whether it is more probable than not that the prosecutor's conduct materially affected the fairness of the trial." *Id.* (internal quotation and citation omitted).

The district court did not abuse its discretion in denying VanDyck a mistrial. First, the government's description of the photos as involving a "known victim" of child exploitation who had been "rescued" did not seriously affect the fairness of the trial because the government did not suggest that VanDyck herself participated in producing the photos or exploiting the child. Second, Agent Campbell's use of the organizational name "National Center for Missing and Exploited Children" during his testimony occurred only once and was part of Campbell's broader testimony regarding verification of the photos. In light of the government's strong case against VanDyck, it was not "more probable than not" that the aggregate effect of the alleged prosecutorial misconduct materially affected the jury's verdict. *See United States v. Nobari*, 574 F.3d 1065, 1082 (9th Cir. 2009). Accordingly, there was no plain error and the district court did not abuse its discretion in denying VanDyck a mistrial.

**AFFIRMED**.